# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3806

_____

| | |
|---|---|
| Frank Foster d/b/a Foster's Welding and Construction, | * <br> * <br> * |
| Appellant, | * <br> * |
| vs. | * Appeal from the United <br> * States District Court |
| Clausen Miller, P.C. and Fireman's Fund Insurance Company, | * for the Eastern District <br> * of Arkansas. <br> * |
| Appellees. | * <br> * [UNPUBLISHED] |

_____

Submitted: September 12, 2001
Filed:  November 19, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BRIGHT, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

_____

[1] The Honorable Andrew W. Bogue, United States Senior District Judge for the District of South Dakota, sitting by designation.

Frank Foster appeals from a grant of summary judgment in favor of Fireman's Fund Insurance Company ("Fireman's"). Foster argues on appeal that the district court[2] erroneously concluded that Foster failed to produce any evidence of improper conduct by either Fireman's or Clausen Miller. Further, Foster claims the district incorrectly concluded that the certain documents were privileged. We hold that no error was made by the district court.

This action arose from the events following a fire at a rendering plant insured by Fireman's. The law firm, Clausen Miller P.C. was hired by Fireman's to investigate the cause of the fire. The initial fire investigator was replaced by Clausen Miller and the subsequent investigation led to the conclusion Foster's employees, who were on-site and had been welding and cutting near the building's boilers, had caused the fire. A subrogation suit was brought by Fireman's and was tried to a jury which determined that Foster had not started the fire. Foster then sued Fireman's and Clausen Miller for malicious prosecution.

Summary judgment is proper when "the non-moving party [fails] to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Hammond v. Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir 2000). The most essential element of malicious prosecution is whether the defendant acted with malice in bringing the suit.

In this case, the fire investigators believed that the welding and cutting taking place near the building's boilers was a potent fire source, but each of them reached different conclusions as to how the fire actually started. Foster argues Clausen Miller and Fireman's directed investigator Randy Van Zant to conclude Foster had caused the fire because Foster carried a substantial insurance policy. A careful review of the

---

[2]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

record establishes the fact that Foster had no evidence that Van Zant's opinion was improperly influenced by either defendant. Since Van Zant's expert opinion was Foster had caused the fire there was probable cause for Fireman's to pursue the action. Even if we reached the conclusion that there was not probable cause for the subrogation suit, "[m]alice does not flow as a legal presumption from a lack of probable cause, however." Milton Hambrice, Inc. v. State Farm Fire and Casualty Co., 114 F.3d 722, 725 (8th Cir. 1997). Furthermore, the fact that Van Zant's opinion was in error does not demonstrate malicious behavior. Foster has failed to establish two essential elements of a malicious prosecution claim, therefore, the district court reached a proper conclusion.

Foster's second claim of error was that he was denied access to documents in the possession of Fireman's and Clausen Miller which established a plan for attributing the fire to Foster. The district courts have broad evidentiary discretion in the handling of privileged documents. Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). This Court reviews a "refusal to compel discovery for a gross abuse of discretion affecting the fundamental fairness of the proceedings." *Id.* The defendants claimed the requested documents were privileged materials drafted in contemplation of litigation, *i.e.* attorney work product. The district court received briefing from both parties and rendered a decision on many of the materials. For a few documents, the district court took the extraordinary step of performing an *in camera* review to determine the exact nature of the materials.

> Our determination of whether the documents were prepared in anticipation of litigation is clearly a factual determination: [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987).

3

As in most factual determinations, this Court is in no better position than the district court to review the documents and circumstances of the action. *Id.* Foster has failed to present any evidence, let alone a "substantial need of the materials ... and that the [Foster] is unable without undue hardship to obtain the substantial equivalent of the materials by other means" that would justify a decision contrary to the district court's conclusion. Fed. R. Civ. P. 26(b)(3). Foster's mere speculation as to the contents of the privileged materials is insufficient to warrant a reversal of the district court's determination, accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.